United States District Court
Southern District of Texas
**ENTERED**
August 14, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CECIL DEMMERIT BANKS, § <br> TDCJ #739119, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> CHARLEY VALDEZ, § <br> § <br> Defendant. § | CIVIL ACTION NO. H-22-3367 |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Cecil Demmerit Banks (TDCJ #739119), is incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). He filed a civil rights Complaint (Docket Entry No. 1) against Charley Valdez, who serves as Program Supervisor III of the TDCJ Classifications and Records Office, regarding the determination of his eligibility for parole. He has also filed Plaintiff's More Definite Statement ("Plaintiff's MDS") (Docket Entry No. 8) and an Amended Complaint (Docket Entry No. 9). Because the plaintiff is a prisoner who proceeds in forma pauperis, the court is required to scrutinize the claims and dismiss the action, in whole or in part, if it determines that the case "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2); see also 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

Banks states that he was admitted to TDCJ in 1996 following his conviction on murder charges lodged against him in Tarrant County.[1] Murder is a first-degree felony under Texas law. See Tex. Penal Code § 19.02(c). First-degree felonies are punishable by a minimum term of five years' imprisonment and a maximum term of 99 years or life imprisonment. See Tex. Penal Code § 12.32(a). Banks received a sentence of life imprisonment.[2] See Banks v. State, 955 S.W.2d 116, 117 (Tex. App. — Fort Worth 1997, no pet.) (per curiam) (affirming Banks's conviction and life sentence).

Banks filed this lawsuit against Charley Valdez, who supervises the TDCJ Classifications and Records Office.[3] Banks alleges that Valdez is liable in his individual capacity for

---

[1]Plaintiff's MDS, Docket Entry No. 8, p. 1 (Response to Questions 1, 3). For purposes of identification, all page numbers reference the pagination imprinted on each docket entry by the court's Electronic Case Filing ("ECF") system.

[2]Id. at 1 (Response to Question 3).

[3]Amended Complaint, Docket Entry No. 9, p. 2. Banks' Amended Complaint supersedes the original Complaint. See King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.") (citation omitted).

unlawfully implementing a policy that provides an inmate's "sentence time credit information" to the Texas Board of Pardons and Paroles ("Parole Board") when the inmate becomes eligible for parole under the "one-half law" found at Tex. Gov't Code § 508.145(d)(1)-(2).[4]

Under the one-half law certain inmates who have committed serious offenses are "not eligible for release on parole until the inmate's actual calendar time served, <u>without consideration of good conduct time,</u> equals one-half of the sentence or 30 calendar years, whichever is less, but in no event is the inmate eligible for release on parole in less than two calendar years." Tex. Gov't Code § 508.145(d)(2) (emphasis added). Inmates subject to the one-half law, which delays their eligibility for parole, include those who are serving a sentence for:

> (A) an offense described by Article 42A.054(a), Code of Criminal Procedure, other than an offense under Section 19.03, Penal Code, or an offense under Chapter 20A, Penal Code, that is described by Subsection (a)(1) or (c-1)(1);
>
> (B) an offense for which the judgment contains an affirmative finding [that a deadly weapon was used during the offense] under Article 42A.054(c) or (d), Code of Criminal Procedure; or
>
> (C) an offense under Section 71.02 [involving leaders of organized criminal activity] or 71.023, Penal Code [involving leaders of criminal street gangs].

Tex. Gov't Code § 508.145(d)(1). Because murder is one of the offenses described in Article 42A.054(a)(2) of the Texas Code of

---

[4]Amended Complaint, Docket Entry No. 9, p. 2.

-3-

Criminal Procedure, the one-half law applies to Banks.  See Tex. Gov't Code § 508.145(d)(1)(A).

Banks contends that the one-half law, as implemented by Valdez, violates the Equal Protection Clause found in the Fourteenth Amendment because it does not treat all inmates the same.[5]  Banks argues that if he were given credit for good-conduct time (i.e., "good-time credit") in addition to his actual calendar time, he would have been eligible for parole years ago.[6]  Instead, Banks contends that his parole eligibility date has been improperly delayed due to the manner in which his sentence has been calculated by Valdez under the one-half law, which excludes consideration of good-time credit and bases eligibility only on his actual calendar time or "flat" time.[7]  Banks seeks declaratory relief, compensatory damages in the amount of $2,500,000.00, and punitive damages in the amount of $1,500,000.00 for the violation of his right to equal protection of the law.[8]

## II.  Standard of Review

Federal courts are required by the Prison Litigation Reform Act ("PLRA") to screen prisoner complaints to identify cognizable

---

[5]Amended Complaint, Docket Entry No. 9, pp. 2-3.

[6]Id. at 6.

[7]Plaintiff's MDS, Docket Entry No. 8, p. 5 (Response to Question 15).

[8]Amended Complaint, Docket Entry No. 9, pp. 7-8.

claims or dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. See Crawford-El v. Britton, 118 S. Ct. 1584, 1596 (1998) (summarizing provisions found in the PLRA, including the requirement that district courts screen prisoners' complaints and summarily dismiss frivolous, malicious, or meritless actions); see also Coleman v. Tollefson, 135 S. Ct. 1759, 1761-62 (2015) (discussing the screening provision found in the federal in forma pauperis statute, 28 U.S.C. § 1915(e)(2), and reforms enacted by the PLRA that were "'designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good'") (quoting Jones v. Bock, 127 S. Ct. 910, 914 (2007)) (alteration in original).

A complaint is frivolous if it "'lacks an arguable basis either in law or in fact.'" Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992) (quoting Neitzke v. Williams, 109 S. Ct. 1827, 1831 (1989)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999) (citations and internal quotation marks omitted). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998) (citation omitted).

To avoid dismissal for failure to state a claim, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citation omitted). If the complaint has not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. Id. at 1974. A reviewing court must "'accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff.'" Heinze v. Tesco Corp., 971 F.3d 475, 479 (5th Cir. 2020) (citation omitted). But it need not accept as true any "conclusory allegations, unwarranted factual inferences, or legal conclusions." Id. (internal quotation marks and citations omitted); see also White v. U.S. Corrections, L.L.C., 996 F.3d 302, 306-07 (5th Cir. 2021) (same). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 127 S. Ct. at 1965).

Because the plaintiff represents himself, his pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 92 S. Ct. 594, 596 (1972) (per curiam). Even under this lenient standard a plaintiff must allege sufficient facts which, when taken as true, state a claim for relief that is plausible on its face. Legate v. Livingston, 822 F.3d 207, 210 (5th Cir. 2016) (citation omitted). A district court may summarily dismiss a pro se litigant's lawsuit "before service

of process or before the filing of the answer" if it is satisfied that the plaintiff has pleaded his "best case." Brewster v. Dretke, 587 F.3d 764, 767-68 (5th Cir. 2009) (citations omitted).

### III. Discussion

#### A. Claims for Compensatory and Punitive Damages

Banks alleges that his eligibility for parole has been unlawfully delayed by Valdez's implementation of the one-half law found in Tex. Gov't Code § 508.145(d)(1)-(2).[9] A prisoner seeking declaratory or injunctive relief may bring a civil rights action under 42 U.S.C. § 1983 for this type of claim. See, e.g., Wilkinson v. Dotson, 125 S. Ct. 1242, 1248 (2005) (concluding that a claim which would only speed consideration of parole eligibility review was cognizable under 42 U.S.C. § 1983 as opposed to the federal habeas corpus statutes). However, the PLRA precludes a prisoner's claim for compensatory damages where no physical injury is alleged. See 42 U.S.C. § 1997e(e);[10] Geiger v. Jowers, 404 F.3d

---

[9] Amended Complaint, Docket Entry No. 9, p. 2; Plaintiff's MDS, Docket Entry No. 8, p. 5 (Response to Question 15).

[10] The PLRA limits a prisoner's recovery of compensatory damages as follows:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18).

42 U.S.C. § 1997e(e).

371, 375 (5th Cir. 2005) ("Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury."). Because Banks does not allege facts showing that he has suffered a physical injury, his claim for compensatory damages will be dismissed as barred by the PLRA.

Although the PLRA does not bar a claim for punitive damages, see Hutchins v. McDaniels, 512 F.3d 193, 198 (5th Cir. 2007), "punitive damages may be awarded only when the defendant's conduct is motivated by evil intent or demonstrates reckless or callous indifference to a person's constitutional rights." Williams v. Kaufman County, 352 F.3d 994, 1015 (5th Cir. 2003) (internal quotation marks and citations omitted). Banks has alleged no facts showing that his parole eligibility has been delayed due to ill will or recklessness. Accordingly, Banks has not stated a claim for which punitive damages may be granted.

**B.   Personal Involvement**

Banks has sued Valdez in his individual capacity as a supervisory official with the TDCJ Classification and Records Office.[11] Personal involvement is an essential element of a civil rights cause of action in an individual-capacity claim. See Murphy v. Kellar, 950 F.2d 290, 292 (5th Cir. 1992); Thompson v. Steele,

---

[11]Amended Complaint, Docket Entry No. 9, p. 2.

709 F.2d 381, 382 (5th Cir. 1983). Supervisory officials cannot be held liable under 42 U.S.C. § 1983 "for the actions of subordinates . . . on any theory of vicarious liability." Alton v. Texas A&M University, 168 F.3d 196, 200 (5th Cir. 1999); see also Iqbal, 129 S. Ct. at 1949 (supervisory officials are not liable for wrongdoing by subordinates because "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct"). To establish liability a civil rights plaintiff must show that (1) the supervisory official personally participated in the constitutional deprivation; and (2) there was a causal connection between the supervisor's wrongful conduct and the constitutional violation. See Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987). To establish liability without overt personal participation, a plaintiff must show that the supervisory official implemented a policy that "itself is a repudiation of constitutional rights and is the moving force of the constitutional violation[.]" Id. (internal quotation marks and citations omitted).

Banks does not allege facts showing that Valdez has been personally involved in the calculation of his sentence. Likewise, the only policy that Banks identifies is the one-half law found in Tex. Gov't Code § 508.145(d)(1)-(2), which was enacted by the Texas Legislature and not Valdez. To the extent that Banks complains about Valdez's interpretation and implementation of this statute, he does not show that the one-half law has been applied to him

-9-

incorrectly or in a manner that violates the Equal Protection Clause for reasons that follow.

**C.   The Equal Protection Clause**

Banks, who insists that he would be eligible for parole if his good-time credit were counted, contends that Valdez and his subordinates have improperly determined that he is not eligible for parole until he serves 30 years of actual calendar time under the one-half law, which fails to treat him the same as other prisoners without any rational basis.¹² As noted above, the one-half law found in Tex. Gov't Code § 508.145(d) only applies to offenders who have committed certain serious offenses, such as those described in Article 42A.054(a) of the Texas Code of Criminal Procedure or whose offense included an affirmative finding that a deadly weapon was used during the offense.¹³ See Tex. Gov't Code § 508.145(d)(1)(A)-(B). The one-half law expressly excludes consideration of good-time credit when determining parole eligibility for inmates who

---

¹²Amended Complaint, Docket Entry No. 9, pp. 2, 6 (arguing that his actual calendar time "plus his accrued good conduct time (i.e. good & work time) exceeds 30 calendar years, therefore the plaintiff is currently eligible for release on parole and has been for years") (emphasis in original); Plaintiff's MDS, Docket Entry No. 8, p. 5 (Response to Question 15).

¹³Offenses listed in Article 42A.054(a) include, but are not limited to, first-degree criminal solicitation in violation of Tex. Penal Code § 15.03, murder in violation of Tex. Penal Code § 19.02, capital murder in violation of Tex. Penal Code § 19.03, aggravated kidnapping in violation of Tex. Penal Code § 20.04, aggravated sexual assault in violation of Tex. Penal Code § 22.021, and aggravated robbery in violation of Tex. Penal Code § 29.03.

have committed a qualifying offense. See id. at § 508.145(d)(2). Because Banks has been convicted of murder, which is an offense described in Article 42A.054(a)(2) of the Texas Code of Criminal Procedure, his good-time credit does not count toward his parole eligibility and he is required to serve 30 years of actual calendar time before he is eligible for parole review.[14] See id. at § 508.145(d)(1)(A).

The Fourteenth Amendment Equal Protection Clause requires that similarly situated persons be treated alike. See City of Cleburne, Texas v. Cleburne Living Center, 105 S. Ct. 3249, 3254 (1985). "To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." Williams v. Bramer, 180 F.3d 699, 705 (5th Cir. 1999) (citations and internal quotation marks omitted). "A classification that categorizes inmates based on the type of criminal offenses for which they have been convicted does not implicate a suspect class." Wottlin v. Fleming, 136 F.3d 1032, 1036 (5th Cir. 1998) (per curiam) (citation omitted); see also Carson v. Johnson, 112 F.3d 818, 821–22 (5th Cir. 1997) (observing that prisoners are not a

---

[14] Because one-half of a life sentence cannot be quantified, see Arnold v. Cockrell, 306 F.3d 277, 279 (5th Cir. 2002), a Texas prisoner who is serving a life sentence for an offense covered by the one-half law is not eligible for parole until he has served 30 years of actual calendar time. See, e.g., Thornton v. Texas Dep't of Criminal Justice, Civil Action No. 5:22-CV-00005-RWS, 2022 WL 1714453, at *2 (E.D. Tex. 2022) (citing McPherson v. Davis, No. 4:17cv418, 2018 WL 4401718 (N.D. Tex. 2018)).

suspect class for purposes of the Equal Protection Clause). In addition, Texas law does not confer a fundamental right to parole. See Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). "An equal protection claim that is premised on differential treatment but not based on membership in a suspect class or the infringement of a fundamental right may be cognizable as a so-called 'class of one.'" Wood v. Collier, 836 F.3d 534, 539 (5th Cir. 2016) (citing Village of Willowbrook v. Olech, 120 S. Ct. 1073, 1074 (2000) (per curiam)). To maintain a "class of one" equal-protection claim, a plaintiff must show that (1) he has been intentionally treated differently from others similarly situated, and (2) there is no rational basis for the difference in treatment. Integrity Collision Center v. City of Fulshear, 837 F.3d 581, 586 (5th Cir. 2016) (citing Olech, 120 S. Ct. at 1074). "Under rational basis review, differential treatment must be upheld against [an] equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." Wood, 836 F.3d at 539 (citation and internal quotation marks omitted).

Although Banks alleges that he has not been treated the same as other inmates who have been found eligible for parole review, he does not provide any details in support or show that he has been treated differently from any other similarly situated inmate who is serving a life sentence for an offense described in Tex. Gov't Code

§ 508.145(d)(1). Nor does Banks allege facts showing that he has been singled out for mistreatment due to any impermissible motive. His conclusory allegations are insufficient to demonstrate the requisite disparate treatment or to establish a constitutional violation. See Clark v. Owens, 371 F. App'x 553, 554 (5th Cir. 2010) (per curiam) ("[C]onclusory assertions that [a prisoner] was treated differently than other similarly situated inmates are insufficient to state an equal protection claim.").

The Fifth Circuit has recognized that states have a legitimate interest in preventing certain aggravated offenders from attaining early release from prison. See Wottlin, 136 F.3d at 1037; see also Brown v. Dretke, 184 F. App'x 384, 385 (5th Cir. 2006) (per curiam) (subjecting sex offenders to different parole procedures is reasonably related to legitimate penological interests) (citing Finley v. Staton, 542 F.2d 250, 250 (5th Cir. 1976)). Thus, subjecting inmates to different parole procedures based on the seriousness of their underlying offense is reasonably related to a legitimate penological interest. See Gomez v. Valdez, Case No. 2:23-CV-00032, 2023 WL 3956214, at *5 (S.D. Tex. May 16, 2023), Report and Recommendation adopted, 2023 WL 2956811 (S.D. Tex. June 12, 2023) (rejecting an equal-protection challenge to the one-half law found in Tex. Gov't Code § 508.145(d)); Ogles v. L. Wingate IPO II, No. A-16-CA-978-SS, 2016 WL 4597640, at *2 (W.D. Tex. 2016) (same) (citations omitted). Because Banks has not

demonstrated the requisite disparate treatment or shown that he has been subject to a classification that is unrelated to a legitimate state interest, he fails to articulate a claim upon which relief can be granted under the Equal Protection Clause. Therefore, this action will be dismissed.

## IV.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Amended Complaint for violation of civil rights under 42 U.S.C. § 1983 filed by Cecil Demmerit Banks (Docket Entry No. 9) is **DISMISSED with prejudice**.

2. The dismissal will count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also send a copy of this Memorandum Opinion and Order to the Manager of Three Strikes List at Three_Strikes@txs.uscourts.gov.**

**SIGNED** at Houston, Texas, on this 14th day of August, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE